UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
BMG PRODUCTION MUSIC, INC.,

                      Plaintiff,

        v.

HILTON WORLDWIDE HOLDINGS INC., f/k/a HILTON
HOTEL CORPORATION, HILTON WORLDWIDE INC.,
a/k/a PARK HOTEL & RESORTS, INC.,
HILTON DOMESTIC OPERATING COMPANY INC., and
ABC CORPORATION, an unknown corporate entity,

                      Defendants.

--------------------------------------------------------------------------x

Civil Action No.  19-5992

**COMPLAINT AND
JURY DEMAND**

       Plaintiff, BMG PRODUCTION MUSIC, INC. ("BMG"), through its undersigned attorneys Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, complains of Defendants HILTON WORLDWIDE HOLDINGS INC., f/k/a HILTON HOTEL CORPORATION, HILTON WORLDWIDE INC., a/k/a PARK HOTEL & RESORTS, INC., HILTON DOMESTIC OPERATING COMPANY INC., and ABC CORPORATION, an unknown corporate entity (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

       1.      By this complaint, BMG, a production music house that has invested and risked money, time, and energy to develop its catalogue of copyrights, seeks redress for the Defendants' direct, contributory, and vicarious copyright infringement. The Defendants exploited, without authorization, two (2) of BMG's copyrighted sound recordings and compositions by unauthorized reproduction, synchronizing, distribution and public performance by means of digital transmission. The Defendants benefited from the unauthorized use of those copyrighted works in connection with the promotion and advertisement of their products and services. The Defendants

benefited from the unlicensed use of BMG's unregistered songs in connection with the promotion and advertisement of their products and services. Despite being on notice of their infringement and unlicensed uses, the Defendants have refused to remedy their wrongdoing, leaving BMG no alternative but to bring this action.

## PARTIES

2.      Plaintiff BMG PRODUCTION MUSIC, INC. ("BMG") is a corporation organized and existing pursuant to the laws of the State of New York.

3.      BMG is registered under the New York State DOS ID #: 52993, and was previously known as SELECTRACKS, INC.

4.      BMG maintains an office at One Park Avenue, 18th Floor, New York, New York.

5.      Upon information and belief, Hilton Worldwide Holdings Inc., ("Hilton Worldwide"), formerly known as "Hilton Hotel Corporation," and "Hilton Worldwide, Inc.," is a multinational hospitality company headquartered at 7930 Jones Branch Drive #1100, McLean, Virginia, that owns, manages, franchises, develops, and leases hotel, resort and timeshare properties.

6.      Hilton Worldwide is currently registered to conduct business in New York State under the name Park Hotels & Resorts Inc., New York State Department of State ("DOS") ID #: 60837. Hilton Worldwide has previously been registered to conduct business in New York State under this same DOS ID number under the names "Hilton Hotels Corporation" (1946) and "Hilton Worldwide, Inc." (2010).

7.      Upon information and belief, Park Hotels & Resorts Inc., ("Park Hotels") is a Delaware corporation and a multinational hospitality company headquartered at 1775 Tysons

2

Blvd., 7th Floor, Tysons, Virginia 22102. Upon information and belief, Park Hotels is a subsidiary of Hilton Worldwide.

8.      Hilton Worldwide is currently registered to conduct business in New York State under the name Park Hotels & Resorts Inc., DOS ID #: 60837. This DOS ID number has remained the same regardless of changes in current entity name over time.

9.      Upon information and belief, Hilton Domestic Operating Company Inc., ("Hilton Domestic") a Delaware corporation and a multinational hospitality company headquartered at 7930 Jones Branch Drive, McLean, Virginia. Upon information and belief, Hilton Domestic is a subsidiary of Hilton Worldwide Holdings Inc. Hilton Domestic is currently registered to conduct business in New York State under the name Hilton Domestic Operating Company Inc., DOS ID #: 5001081.

10.     Upon information and belief, ABC CORPORATION is a business entity whose name, address, and place of formation are unknown that is owned, managed, and/or controlled by one or more of Defendants Hilton Worldwide, Park Hotels, and Hilton Domestic.

11.     Upon information and belief, ABC is registered to do business in New York State.

## JURISDICTION AND VENUE

12.     BMG's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1338.

13.     The Court has personal jurisdiction over all Defendants pursuant to New York Civil Practice Law and Rules §§ 301 and 302(a)(1-4) because upon information and belief, Defendants derive substantial revenue from interstate and international commerce, regularly conducts business over the Internet wherein goods and services are purchased by New York residents or provided in

3

New York State, own, use and possess real property situated within New York State, and have performed acts causing harm to BMG in New York State, including infringing copyrights belonging to BMG, a domiciliary of New York, which give rise to this action.

14.    Defendants are domiciled in the State of New York as they are registered as Delaware Foreign Business Corporations with the New York State Department of State.

15.    Upon information and belief, Defendant Hilton Worldwide has continuously and systematically transacted business within the State of New York by operating, maintaining and franchising numerous locations and offices under brand names, including but not limited to, Hilton Hotels & Resorts, Doubletree by Hilton and Hampton by Hilton, that allow for the transaction of business with customers located therein.

16.    Upon information and belief, under its NYS DOS name Park Hotels, Hilton Worldwide has continuously and systematically transacted business within the State of New York by operating and maintaining the flagship Hilton location, New York Hilton Midtown.

17.    Upon information and belief, all Defendants continuously and systematically transacted business within the State of New York by selling and/or distributing their services and/or goods therein.

18.    Upon information and belief, all Defendants continuously and systematically transacted business within the State of New York by contracting to sell and/or distribute their services and/or goods therein.

19.    Upon information and belief, all Defendants have continuously and systematically transacted business within the State of New York by operating and maintaining interactive websites that allow for the transaction of business with customers located therein.

20.    By continuously and systematically transacting business in the State of New York, all Defendants have availed themselves of the personal jurisdiction of the courts located therein.

21.    To the extent the Defendants have committed tortious acts of copyright infringement outside the State of New York, those acts have directly caused injury to BMG, a New York corporation within the State of New York.

22.    All Defendants could reasonably have expected their acts of copyright infringement to have consequences in the State of New York because, *inter alia*, Defendants used songs exclusively owned and licensed by BMG, and it is readily apparent from BMG's website that BMG is located in the State of New York.

23.    This Court has supplemental jurisdiction over the New York common law claims asserted herein under 28 U.S.C. §§ 1331, 1332 and 1338.

24.    Venue in this District is proper under 28 U.S.C. §§ 1391(d) and 1400(a).

## FACTS RELEVANT TO ALL CAUSES OF ACTION

*BMG and Its Business*

25.    BMG is a preeminent "production music house" engaged in the creation, marketing and delivery of catalog-based and custom production music used in media, including, but not limited to, online audio-visual advertisements and promotional material.

26.    BMG has a US catalog of over 200,000 songs spanning all musical genres.

27.    BMG does not make the songs in its catalog readily available to the general public for licensing and downloading online through a web-based user interface.

28.    Songs in BMG's catalog or customized music produced by BMG must be licensed directly through BMG.

29.    The Defendants could not have obtained BMG's songs at issue herein without a license agreement with BMG.

30.    Each song would have been licensed to Defendants for an annual fee.

5

**THE BMG SONGS AT ISSUE AND**
**DEFENDANTS' UNAUTHORIZED EXPLOITATION**

*BMG's Copyrights and Exclusively Owned Music*

31.     BMG is the exclusive owner of the registered copyrights (the "BMG Copyrights")

in and to the musical compositions and sound recordings (BMG's "Copyrighted Music") set forth

below:

a)     "Start Moving" Registration No. SR-710-965; Registration Date: 9/26/2012;

b)     "I`m On It (Instrumental)" Registration No. SR-709-073; Registration Date:

9/11/2012.

32.     BMG has always owned, maintained and controlled the exclusive true and valid

copyrights in the Copyrighted Music.

33.     BMG has complied in all respects with the provisions of the Copyright Act, 17

U.S.C. § 101 *et seq*., has registered the Copyrighted Music with the United States Copyright

Office, and was issued a Certificate of Registration for each piece of Copyrighted Music.

34.     True and complete copies of the Public Catalog copyright registration information

for each piece of Copyrighted Music are sequentially annexed hereto as **Exhibits "A" and "B."**

35.     Each item of Copyrighted Music was published with a copyright notice.

36.     BMG or its predecessor in interest is the exclusive owner of licensing rights in and

to the musical compositions and sound recordings (BMG's "Unregistered Music") set forth below:

a)     "Collar Popper Holiday Mix";

b)     "Cookie Duster".

*Defendants' Unauthorized Use of BMG's Copyrighted Music and Unregistered Music*

37.     Upon information and belief, Defendants market their products and services in

various ways, including through audio-visual works. Upon information and belief, Defendants

have published some of these audio-visual works on different internet websites, including, but not limited to, the Internet websites hosted by "YouTube" and "Facebook," respectively.

38.   Defendants operate a main "Hilton" brand channel on the social media website www.YouTube.com, through which they also operate channels dedicated to each brand in the Hilton portfolio of hotels.

39.   Defendants posted videos containing unauthorized uses of BMG's Copyrighted Music on one or more of their "YouTube" channels. Defendants posted videos containing unauthorized uses of BMG's Unregistered Music on one or more of their "YouTube" channels.

40.   Defendants operated numerous "Facebook" pages and/or profiles under the various Hilton hotel portfolio brand names, including, but not limited to, www.facebook.com/hamptonbyhilton. Defendants posted videos containing unauthorized uses of BMG's Copyrighted Music on one or more of their "Facebook" pages.

41.   The Hilton Defendants have engaged in at least sixteen (16) unauthorized uses of BMG's Copyrighted Music:

   a) BMG's copyrighted musical work "Start Moving" is exploited in at least nine (9) videos on the website www.YouTube.com.

   b) BMG's copyrighted musical work "Start Moving" is exploited in at least six (6) videos on the website www.facebook.com/hamptonbyhilton.

   c) BMG's copyrighted musical work "I`m On It (Instrumental)" is exploited in at least one (1) video on the website www.YouTube.com.

42.   The Hilton Defendants have engaged in at least eight (8) unlicensed uses of BMG's Unregistered Music:

   d) BMG's musical work "Collar Popper Holiday Mix" is exploited in at least seven (7) videos on the website www.YouTube.com.

e) BMG's musical work "Cookie Duster" is exploited in at least one (1) video on the website www.YouTube.com.

43.    Defendants posted videos at twenty-three (23) different URLs containing unauthorized and unlicensed uses of one or more of BMG's songs. **Exhibit "C"** hereto, based upon information and belief, includes the presumed title of each of the videos, the title of the Copyrighted Music or Unregistered Music used in each video, the Uniform Resource Locator for each video, and the Content Uniform Resource Locator for each video, and is incorporated as if set forth fully herein.

44.    Upon information and belief, the Defendants posted, caused to be posted, or caused to remain posted the videos identified in paragraphs 40, 41, 42 and **Exhibit "C".**

45.    None of the Defendants received a license, right or other authorization from BMG to exploit BMG's Copyrighted Music and/or Unregistered Music in the manner set forth above.

46.    Upon information and belief, the Defendants reproduced, synchronized, distributed and publicly performed by means of digital transmission BMG's Copyrighted Music and/or Unregistered Music, through, among other things, digital transmissions on the websites set forth above.

47.    Upon information and belief, at all relevant times, the Defendants maintained editorial control for content they distributed, performed and/or copied on the websites set forth in paragraphs 40, 41 and 42.

48.    On multiple occasions prior to this complaint, BMG's agent and copyright administrator, TuneSat, LLC ("TuneSat"), sent correspondence to Hilton Worldwide, identifying Defendants' use of BMG's Copyrighted Music and/or Unregistered Music, and requesting that Hilton Worldwide, the parent company of the entities named as Defendants herein, contact TuneSat to either provide proof of Defendants' valid use of BMG's Copyrighted Music and/or

Unregistered Music or to resolve, what is otherwise Defendants' copyright infringement and/or unlicensed use of BMG's songs.

49.     Despite being notified that they were using BMG's Copyrighted Music and/or Unregistered Music without authorization or license, and despite months of exchanges of correspondence with TuneSat, the Defendants ultimately began willfully and intentionally ignoring TuneSat's correspondence and continued to use the Copyrighted Music and Unregistered Music without authorization or license from BMG.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against Hilton Worldwide Holdings Inc.)**

50.     BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.     This cause of action arises under 17 U.S.C. § 501.

52.     Each BMG Copyright was registered with the United States Copyright Office by BMG.

53.     At all times relevant, BMG has owned BMG's Copyrighted Music and has been the only owner of all exclusive rights provided under 17 U.S.C. § 106.

54.     Each of the musical compositions and sound recordings covered by the BMG Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

55.     Defendant Hilton Worldwide used BMG's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote "Hilton" goods and services.

56.     BMG has never granted Hilton Worldwide a license, right or otherwise authorized Hilton Worldwide to exploit BMG's Copyrighted Music.

57.     Hilton Worldwide had actual or constructive awareness that its unauthorized use of the Copyrighted Music constituted infringement of BMG's copyrights in the Copyrighted Music.

58.     Alternatively, Hilton Worldwide's acts of infringement resulted from a reckless disregard for, or willful blindness to, BMG's rights.

59.     More specifically, Hilton Worldwide is a sophisticated company that generates billions of dollars per year in revenue, that knew or should have known that BMG's music was subject to copyright protection.

60.     Shortly after BMG became aware of Hilton Worldwide's unauthorized and unlicensed use of the Copyrighted Music, BMG's copyright administrator, TuneSat, sent correspondence to Hilton Worldwide demanding that it cease and desist its unauthorized uses of the Copyrighted Music.

61.     Upon information and belief, despite being on notice that its use of the Copyrighted Music was not authorized or licensed, Hilton Worldwide refused to cease its acts of infringement and continues to use the Copyrighted Music to market and/or promote "Hilton" goods and services.

62.     By creating and posting videos which reproduce, synchronize, distribute and publicly perform by means of digital transmission BMG's Copyrighted Music, Hilton Worldwide's acts violated BMG's exclusive rights under 17 U.S.C. § 106.

63.     Hilton Worldwide's infringement of the BMG Copyrights is and has been willful, intentional, purposeful, and/or in disregard of BMG's rights.

64.     By reason of Hilton Worldwide's continued willful infringement, BMG has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in its Copyrighted Music.

65.     By reason of Hilton Worldwide's willful infringement, BMG has sustained irreparable harm that cannot be remedied by monetary damages alone.

66.     BMG is entitled to an injunction restraining Hilton Worldwide, its officers, directors, agents, employees, representatives, and all persons acting in concert with it, from further engaging in such acts of copyright infringement.

67.     Pursuant to 17 U.S.C. § 504(b), BMG is entitled to its actual damages.

68.     Alternatively, pursuant to 17 U.S.C. § 504(c), BMG is further entitled to recover from  Hilton Worldwide up to $150,000.00 in statutory damages for each work as a result of Hilton Worldwide's acts of willful copyright infringement.

69.     BMG is the owner of both the copyrighted sound recording and composition of all of BMG's Copyrighted Music, each of which is a copyrighted work.

70.     Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and BMG owns the copyright for both the sound recording and composition for all of the BMG Copyrighted Music, Hilton Worldwide is liable for $300,000.00 in damages for each song constituting BMG's Copyrighted Music used without authorization.

71.     The total damages are not readily ascertainable, but based on the pervasive and willful nature of the infringement - are believed to be in excess of $600,000.00.

72.     Pursuant to 17 U.S.C. § 505, BMG is further entitled to recover from Defendant Hilton Worldwide the reasonable attorney's fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

**AS AND FOR A SECOND CAUSE OF ACTION**
**<u>DIRECT COPYRIGHT INFRINGEMENT</u>**
**(Against Hilton Domestic Operating Company, Inc.)**

73.     BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.     This cause of action arises under 17 U.S.C. § 501.

75.     Each BMG Copyright was registered with the United States Copyright Office by BMG.

76.     At all times relevant, BMG has owned BMG's Copyrighted Music and has been the only owner of all exclusive rights provided under 17 U.S.C. § 106.

77.     Each of the musical compositions and sound recordings covered by the BMG Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

78.     Defendant Hilton Domestic reproduced, distributed, and publicly performed via digital transmission BMG's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote "Hilton" goods and services. Defendant Hilton Domestic continues to engage in these unauthorized uses currently.

79.     BMG has never granted Hilton Domestic a license, right or otherwise authorized Hilton Domestic to exploit BMG's Copyrighted Music.

80.     Hilton Domestic had actual or constructive awareness that its unauthorized use of the Copyrighted Music constituted infringement of BMG's copyrights in the Copyrighted Music.

81.     Alternatively, Hilton Domestic's acts of infringement resulted from a reckless disregard for, or willful blindness to, BMG's rights.

82.     Hilton Domestic is a sophisticated company familiar with intellectual property rights and its management knew or should have known that BMG's music was subject to copyright protection.

83.     Shortly after BMG became aware of Hilton Domestic's unauthorized and unlicensed use of the Copyrighted Music, BMG's copyright administrator, TuneSat, sent correspondence to Hilton Worldwide Holdings, Inc., the parent company of Hilton Domestic, demanding that it cease and desist the unauthorized uses of the Copyrighted Music.

84.     Upon information and belief, despite being on notice that its use of the Copyrighted Music was not authorized or licensed, Hilton Domestic refused to cease its acts of infringement and continued to use the Copyrighted Music to market and/or promote "Hilton" goods and services.

85.     By creating and/or posting videos which reproduce, synchronize, distribute and publicly perform by means of digital transmission BMG's Copyrighted Music, Hilton Domestic's acts violated BMG's exclusive rights under 17 U.S.C. §106.

86.     Hilton Domestic's infringement of the BMG Copyrights is and has been willful, intentional, purposeful, and/or in disregard of BMG's rights.

87.     By reason of Hilton Domestic's continued willful infringement, BMG has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in its Copyrighted Music.

88.     By reason of Hilton Domestic's willful infringement, BMG has sustained irreparable harm that cannot be remedied by monetary damages alone.

89.     BMG is entitled to an injunction restraining Hilton Domestic, its officers, directors, agents, employees, representatives, and all persons acting in concert with it, from further engaging in such acts of copyright infringement.

13

90.     Pursuant to 17 U.S.C. § 504(b), BMG is entitled to its actual damages.

91.     Alternatively, pursuant to 17 U.S.C. § 504(c), BMG is further entitled to recover from Hilton Domestic up to $150,000.00 in statutory damages for each work as a result of Hilton Domestic's acts of willful copyright infringement.

92.     BMG is the owner of both the copyrighted sound recording and composition of all of BMG's Copyrighted Music, each of which is a copyrighted work.

93.     Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and BMG owns the copyright for both the sound recording and composition for all of the BMG Copyrighted Music, Hilton Domestic is liable for $300,000.00 in damages for each song constituting BMG's Copyrighted Music used without authorization.

94.     The total damages are not readably ascertainable, but based on the pervasive and willful nature of the infringement - are believed to be in excess of $600,000.00.

95.     Pursuant to 17 U.S.C. § 505, BMG is further entitled to recover from Defendant Hilton Domestic the reasonable attorney's fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

## AS AND FOR A THIRD CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT
### (Against ABC Corporation)

96.     BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

97.     This cause of action arises under 17 U.S.C. § 501.

98.     Each BMG Copyright was registered with the United States Copyright Office by BMG.

99.    At all times relevant, BMG has owned BMG's Copyrighted Music and has been the only owner of all exclusive rights provided under 17 U.S.C. § 106.

100.    Each of the musical compositions and sound recordings covered by the BMG Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

101.    Defendant ABC Corporation reproduced, distributed, and publicly performed via digital transmission BMG's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote "Hilton" goods and services.

102.    BMG has never granted ABC Corporation a license, right or otherwise authorized ABC Corporation to exploit BMG's Copyrighted Music at issue in this complaint.

103.    ABC Corporation had actual or constructive awareness that its unauthorized use of the Copyrighted Music constituted infringement of BMG's copyrights in the Copyrighted Music. Alternatively, ABC Corporation's acts of infringement resulted from a reckless disregard for, or willful blindness to, BMG's rights.

104.    More specifically, ABC Corporation is owned, managed, and/or controlled by one or more of the Hilton Defendants, and its management knew or should have known that BMG's music was subject to copyright protection.

105.    Shortly after BMG became aware of ABC Corporation's unauthorized and unlicensed use of the Copyrighted Music, BMG's copyright administrator, TuneSat, sent correspondence to Hilton Worldwide Holdings, Inc., a company having ownership, management or control over ABC Corporation, demanding that it cease and desist the unauthorized uses of the Copyrighted Music.

106.    Upon information and belief, despite being on notice that its use of the Copyrighted Music was not authorized or licensed, ABC Corporation refused to cease its acts of infringement

and continued to use the Copyrighted Music to market and/or promote "Hilton" goods and services.

107.   By creating and/or posting videos which reproduce, synchronize, distribute and publicly perform by means of digital transmission BMG's Copyrighted Music, ABC Corporation's acts violated BMG's exclusive rights under 17 U.S.C. §106.

108.   ABC Corporation's infringement of the BMG Copyrights is and has been willful, intentional, purposeful, and/or in disregard of BMG's rights.

109.   By reason of ABC Corporation's continued willful infringement, BMG has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in its Copyrighted Music.

110.   By reason of ABC Corporation's willful infringement, BMG has sustained irreparable harm that cannot be remedied by monetary damages alone.

111.   BMG is entitled to an injunction restraining ABC Corporation, its officers, directors, agents, employees, representatives, and all persons acting in concert with it, from further engaging in such acts of copyright infringement.

112.   Pursuant to 17 U.S.C. § 504(b), BMG is entitled to its actual damages.

113.   Alternatively, pursuant to 17 U.S.C. § 504(c), BMG is further entitled to recover from ABC Corporation up to $150,000.00 in statutory damages for each work as a result of ABC Corporation's acts of willful copyright infringement.

114.   BMG is the owner of both the copyrighted sound recording and composition of all of BMG's Copyrighted Music set forth in paragraph 31, each of which is a copyrighted work.

115.   Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and BMG owns the copyright for both the sound recording and

composition for all of the BMG Copyrighted Music, ABC Corporation is liable for $300,000.00 in damages for each song constituting BMG's Copyrighted Music used without authorization.

116.     The total damages are not readily ascertainable, but based on the pervasive and willful nature of the infringement - are believed to be in excess of $600,000.00.

117.     Pursuant to 17 U.S.C. § 505, BMG is further entitled to recover from Defendant ABC Corporation the reasonable attorney's fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
#### (Against Hilton Worldwide Holdings Inc.)

118.     BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

119.     Upon information and belief, Hilton Worldwide is and has been the parent company of Defendants Hilton Domestic and ABC Corporation.

120.     Upon information and belief, during some or all of the time period relevant to this Complaint, Hilton Domestic was an indirect subsidiary of Hilton Worldwide.

121.     Upon information and belief, during some or all of the time period relevant to this Complaint, ABC Corporation was owned, managed, and/or controlled by Hilton Worldwide.

122.     Upon information and belief, Hilton Worldwide, at all relevant times, has directly or indirectly dominated the management of Defendants Hilton Domestic and ABC Corporation.

123.     Upon information and belief, at all times relevant to this Complaint, Hilton Worldwide had the right and ability to supervise and/or control the infringing conduct of its co-Defendants, Hilton Domestic and ABC Corporation, but it has failed to exercise such supervision and/or control.

124.    As a direct and proximate result of such failures, Hilton Worldwide has vicariously infringed BMG's Copyrights, as set forth above.

125.    Upon information and belief, Hilton Worldwide was actually involved with the decisions, other processes and personnel directly responsible for the creation of the videos containing unlicensed use of BMG's Copyrighted Music, and the posting of the videos to social media websites including but not limited to "Facebook" and "YouTube."

126.    Hilton Worldwide's indirect subsidiary, Hilton Domestic, and its owned, managed or controlled entity, ABC Corporation, both had actual or constructive awareness that their unauthorized use of the Copyrighted Music constituted infringement of BMG's copyrights in the Copyrighted Music.

127.    Alternatively, Hilton Domestic's and ABC Corporation's acts of copyright infringement resulted from a reckless disregard for, or willful blindness to, BMG's rights.

128.    Shortly after BMG became aware of the unauthorized and unlicensed uses of the Copyrighted Music by Defendants, BMG's copyright administrator, TuneSat, sent cease and desist notices to Hilton Worldwide, demanding that all Hilton entities cease and desist the unauthorized uses of the Copyrighted Music.

129.    Upon information and belief, despite such notice to Hilton Worldwide, Defendants Hilton Domestic, and ABC Corporation, both under the control or supervision of Hilton Worldwide, willfully refused to stop their unauthorized use of BMG's Copyrighted Music.

130.    Upon information and belief, despite being on notice that their uses of the Copyrighted Music were not authorized or licensed, Defendants Hilton Domestic and ABC Corporation, both under the control or supervision of Hilton Worldwide, continued to refuse to cease their acts of infringement and continued to use the Copyrighted Music to market and/or promote "Hilton" goods and services.

18

131.    Hilton Worldwide had an obvious and direct financial interest in the creation, use and exploitation of the videos because the videos were commercial advertisements created and used to promote "Hilton" goods and services in the United States and other territories where Hilton Worldwide has its subsidiaries and uses the videos.

132.    Upon information and belief, at all times relevant to this Complaint, Hilton Worldwide derived substantial financial benefit from infringement of BMG's Copyrights by Hilton Domestic and ABC Corporation.

133.    The above-mentioned acts of infringement by have been willful, intentional and purposeful in disregard of, and with indifference to, the rights of BMG.

134.    Hilton Worldwide's conduct, as alleged, constitutes vicarious infringement of BMG's Copyrights and exclusive rights under copyright, in violation of §§ 106, 115 and 501 of the Copyright Act (17 U.S.C. § 106, 17 U.S.C. § 115, 17 U.S.C. § 501).

135.    As a direct and proximate result of Hilton Worldwide's vicarious infringement of BMG's Copyrights and exclusive rights under copyright, BMG is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

136.    Alternatively, pursuant to 17 U.S.C. § 504(c), BMG is further entitled to recover from  Hilton Worldwide  up to $150,000.00 in statutory damages for each work  as a result of Hilton Worldwide's acts of vicarious copyright infringement.

137.    BMG is the owner of both the copyrighted sound recording and composition of all of BMG's Copyrighted Music, each of which is a copyrighted work.

138.    Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and BMG owns the copyright for both the sound recording and composition for all of the BMG Copyrighted Music, Hilton Worldwide is liable for $300,000.00 in damages for each song constituting BMG's Copyrighted Music used without authorization.

19

139.    The total damages are not readably ascertainable, but based on the pervasive and willful nature of the infringement - are believed to be in excess of $600,000.00.

140.    Pursuant to 17 U.S.C. § 505, BMG is further entitled to recover from Defendant Hilton Worldwide the reasonable attorney's fees and legal costs incurred as a result of Defendant Hilton Worldwide's acts of vicarious copyright infringement.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against Hilton Domestic Operating Company, Inc.)

141.    BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

142.    Upon information and belief, Hilton Domestic is and has been the parent company of ABC Corporation.

143.    Upon information and belief, during some or all of the time period relevant to this Complaint, ABC Corporation was owned, managed, and/or controlled by Hilton Domestic.

144.    Upon information and belief, Hilton Domestic, at all relevant times has dominated the management of ABC Corporation, either directly or indirectly.

145.    Upon information and belief, at all times relevant to this Complaint, Hilton Domestic had the right and ability to supervise and/or control the infringing conduct of ABC Corporation, but it has failed to exercise such supervision and/or control.

146.    As a direct and proximate result of such failures, Hilton Domestic has infringed BMG's Copyrights, as set forth above.

147.    Upon information and belief, Hilton Domestic was actually involved with the decisions, other processes and personnel directly responsible for the creation of the videos

containing unlicensed use of BMG's Copyrighted Music, and the posting of the videos to social media websites including but not limited to Facebook and YouTube.

148.    ABC Corporation, owned, managed, and/or controlled by Hilton Domestic, had actual or constructive awareness that its unauthorized use of the Copyrighted Music constituted infringement of BMG's copyrights in the Copyrighted Music.

149.    Alternatively, the acts of copyright infringement by ABC Corporation, owned, managed, and/or controlled by Hilton Domestic, resulted from a reckless disregard for, or willful blindness to, BMG's rights.

150.    Shortly after BMG became aware of the unauthorized and unlicensed uses of the Copyrighted Music by ABC Corporation, owned, managed, and/or controlled by Hilton Domestic, BMG's copyright administrator, TuneSat, sent cease and desist notices to Hilton Worldwide, demanding that all Hilton entities cease and desist the unauthorized uses of the Copyrighted Music.

151.    Upon information and belief, despite such notice to Hilton Worldwide, the parent company having control and/or supervision over the other Defendants, ABC Corporation willfully refused to stop its unauthorized use of BMG's Copyrighted Music.

152.    Upon information and belief, despite being on notice that its uses of the Copyrighted Music were not authorized or licensed, ABC Corporation, owned, managed, and/or controlled  by Hilton Domestic, continued to refuse to cease its acts of infringement and continued to use the Copyrighted Music to market and/or promote "Hilton" goods and services.

153.    Hilton Domestic had an obvious and direct financial interest in the creation, use and exploitation of the videos because the videos were commercial advertisements created and used to promote "Hilton" goods and services in the United States and other territories where Hilton Domestic has its subsidiaries and uses the videos.

154.    Upon information and belief, at all times relevant to this Complaint, Hilton Domestic derived substantial financial benefit from infringements of BMG's Copyrights by ABC Corporation.

155.    The above-mentioned acts of infringement by have been willful, intentional and purposeful in disregard of, and with indifference to, the rights of BMG.

156.    Hilton Domestic's conduct, as alleged, constitutes vicarious infringement of BMG's Copyrights and exclusive rights under copyright, in violation of §§ 106, 115 and 501 of the Copyright Act (17 U.S.C. § 106, 17 U.S.C. § 115, 17 U.S.C. § 501).

157.    As a direct and proximate result of Hilton Domestic's vicarious infringement of BMG's Copyrights and exclusive rights under copyright, BMG is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

158.    Alternatively, pursuant to 17 U.S.C. § 504(c), BMG is further entitled to recover from Defendant Hilton Domestic up to $150,000.00 in statutory damages for each work as a result of Defendant's acts of vicarious copyright infringement.

159.    BMG is the owner of both the copyrighted sound recording and composition of all of BMG's Copyrighted Music, each of which is a copyrighted work.

160.    Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and BMG owns the copyright for both the sound recording and composition for all of the BMG Copyrighted Music identified in paragraph 31, Hilton Domestic is liable for $300,000.00 in damages for each song constituting BMG's Copyrighted Music used without authorization.

161.    The total damages are not readily ascertainable, but based on the pervasive and willful nature of the infringement - are believed to be in excess of $600,000.00.

22

162.     Pursuant to 17 U.S.C. § 505, BMG is further entitled to recover from Defendant Hilton Domestic the reasonable attorney's fees and legal costs incurred as a result of Defendant Hilton Domestic's acts of vicarious copyright infringement.

### AS AND FOR A SIXTH CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

163.     BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

164.     Upon information and belief, all Defendants, jointly and severally, knowingly and systematically induced, caused, materially contributed to, and/or had reason to know of and participated in, the infringement of BMG's exclusive rights under 17 U.S.C. § 106 by the unauthorized copying, reproduction, synchronization, distribution and/or performance of the Copyrighted Music by Defendants' affiliates, subsidiaries, owned/managed/controlled entities and/or parent company in video advertisements and video content located on websites and/or online user accounts owned or controlled by such affiliates, subsidiaries, owned/managed/controlled entities, and/or parent company, including but not limited to the popular social media websites "YouTube" (www.youtube.com), and "Facebook" (www.facebook.com).

165.     Upon information and belief, Defendants either directed the creation and/or posting of or were involved in the creation and/or posting of some or all of the videos containing unauthorized and unlicensed uses of BMG's Copyrighted Music, as well as the distribution of those videos to or by their affiliates, subsidiaries, owned/managed/controlled entities and/or parent company.

166.    Defendants' affiliates, subsidiaries, owned/managed/controlled entities and/or parent company used BMG's Copyrighted Music, without authorization or license, to advertise, market, and promote their respective "Hilton" goods and services.

167.    At no time has BMG authorized Defendants' affiliates, subsidiaries, owned/managed/controlled entities and/or parent company to copy, reproduce, synchronize, distribute and/or perform any of BMG's Copyrighted Music.

168.    Defendants had actual or constructive awareness that their unauthorized use of the Copyrighted Music constituted infringement of BMG's copyrights in the Copyrighted Music. Alternatively, Defendants' acts of infringement resulted from a reckless disregard for, or willful blindness to, BMG's rights.

169.    Defendants are sophisticated companies that generate billions of dollars per year in revenue, that knew or should have known that BMG's music was subject to copyright protection and/or could only be obtained via a license from BMG. Defendants' management knew or should have known that BMG's music was subject to copyright protection and/or could only be obtained and used pursuant to a license from BMG. All Defendants ignored the lack of a valid license for any of BMG's songs, and continuously used those songs in their online promotional and advertising videos for "Hilton" goods and services.

170.    Shortly after BMG became aware of the unauthorized and unlicensed use of the Copyrighted Music by Defendants' affiliates, subsidiaries, owned/managed/controlled entities and/or parent company, BMG contacted Defendants to make Defendants aware of their infringing activities.

171.    BMG's agent and copyright administrator, TuneSat, sent multiple letters to Defendant Hilton Worldwide alerting Defendants that its affiliates, subsidiaries, owned/managed/controlled entities and/or parent company were engaged in authorized and

unlicensed use of the Copyrighted Music and demanded that they cease and desist from all such unauthorized uses.

172.    Upon information and belief, Hilton Worldwide, as the parent company of Defendants informed the other Defendants of the contents of TuneSat's communications or provided copies of TuneSat's communications to the other Defendants.

173.    Upon information and belief, despite receipt of multiple cease and desist notices and correspondence, Defendants failed and willfully refused to stop their affiliates, subsidiaries, owned/managed/controlled entities and/or parent company from engaging in unauthorized use of BMG's Copyrighted Music.

174.    Upon information and belief, despite being on notice that the uses of BMG's Copyrighted Music by Defendants' affiliates, subsidiaries, owned/managed/controlled entities and/or parent company were not authorized, Defendants continued to allow their acts of infringement and use of BMG's Copyrighted Music to advertise, market and/or promote their respective "Hilton" goods and services.

175.    Upon information and belief, through their actions and/or inaction, each Defendant knowingly induced, caused or materially contributed to copyright infringement by each of the other Defendants and should be held liable as a contributory infringer.

176.    Defendants contributed to the violation of BMG's rights under 17 U.S.C. § 501.

177.    As a direct and proximate result of Defendants' contributory infringement of BMG's Copyrights and exclusive rights under copyright, BMG is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

178.    Alternatively, pursuant to 17 U.S.C. § 504(c), BMG is further entitled to recover from Defendants up to $150,000.00 in statutory damages for each work as a result of Defendants' acts of copyright infringement.

179.   BMG is the owner of both the copyrighted sound recording and composition of all of BMG's Copyrighted Music, each of which is a copyrighted work.

180.   Since the law recognizes that a sound recording and composition of a song are separately copyrightable works and BMG owns the copyright for both the sound recording and composition for all of the BMG Copyrighted Music, Defendants are liable for $300,000.00 in damages for each song constituting BMG's Copyrighted Music used without authorization.

181.   The total damages are not readably ascertainable, but based on the pervasive and willful nature of the infringement - are believed to be in excess of $600,000.00.

182.   Pursuant to 17 U.S.C. § 505, BMG is further entitled to recover from Defendants the reasonable attorney's fees and legal costs incurred as a result of Defendants' acts of contributory copyright infringement.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Against All Defendants)

183.   BMG repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

184.   Upon information and belief, at all relevant times, Defendants, without the consent of BMG, exploited BMG's Copyrighted Music and BMG's Unregistered Music, to which BMG has exclusive ownership and rights, by creating and publishing audiovisual works that reproduced, synchronized, distributed and publicly performed by means of digital transmission BMG's Copyrighted Music and Unregistered Music.

185.   Upon information and belief, Defendants have never entered into any type of license or other agreement with BMG that would authorize them to use BMG's Copyrighted Music and/or Unregistered Music.

26

186.    BMG charges an annual license fee for the use of the songs in its catalog.

187.    BMG never licensed any of its songs to Defendants.

188.    BMG never received a license fee from Defendants for the use of any of BMG's songs.

189.    Upon information and belief, Defendants derived substantial financial benefit from infringement of BMG's Copyrighted Music and their unlicensed use of BMG's Unregistered Music, in audiovisual works advertising and promoting "Hilton" goods and/or services.

190.    By reason of Defendants' acts as alleged above, Defendants have been unjustly enriched at BMG's expense under such circumstances that in equity and good conscience require that Defendants should make restitution to BMG.

191.    The amount of damages resulting from Defendants' unjust enrichment are not readily ascertainable and will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BMG respectfully submits that it is entitled to the following relief against Defendants:

1) On BMG's FIRST cause of action for Direct Copyright Infringement against Hilton Worldwide Holdings Inc.:

   a.  Entry of a judgment that Defendant Hilton Worldwide Holdings Inc., has infringed the copyrights in and to BMG's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

   b.  Entry of a judgment that such infringement was willful;

   c.  Entry of a preliminary and permanent injunction that Defendant Hilton Worldwide Holdings Inc. and each of its agents, officers, employees, representatives,

successors, assigns, attorneys and all other persons acting for, or on behalf of Defendant Hilton Worldwide Holdings Inc., or in concert or participation with Defendant Hilton Worldwide Holdings Inc., be preliminarily and permanently enjoined from reproducing, synchronizing, distributing, publicly performing by any means including, but not limited to, digital transmission, or preparing derivative works based on, or in any other way exploiting BMG's Copyrighted Music pursuant to 17 U.S.C. § 502;

d.  Entry of an Order that BMG be awarded, at its election, all damages caused by Defendant Hilton Worldwide Holdings Inc.'s acts forming the basis of this Complaint, including:

   i. actual damages in an amount not readily ascertainable to be proven at trial, and to the extent not duplicative, Defendant's profits attributable to the infringement pursuant to 17 U.S.C. 504(b); or

   ii. in the alternative, for statutory damages under 17 U.S.C. § 504(c), in an amount of up to $150,000 per work, totaling $600,000.00; together with

   iii. BMG's costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505; and

   iv. prejudgment and post judgment interest at the statutory rate; and

2)  On BMG's SECOND cause of action for Direct Copyright Infringement against Hilton Domestic Operating Corporation, Inc.:

   a.  Entry of a judgment that Defendant Hilton Domestic Operating Corporation, Inc., has infringed the copyrights in and to BMG's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.;

   b.  Entry of a judgment that such infringement was willful;

c.  Entry of a preliminary and permanent injunction that Defendant Hilton Domestic Operating Corporation, Inc., and each of its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of Defendant Hilton Domestic Operating Corporation, Inc., or in concert or participation with Defendant Hilton Domestic Operating Corporation, Inc., be preliminarily and permanently enjoined from reproducing , synchronizing, distributing, publicly performing by any means including, but not limited to, digital transmission, or preparing derivative works based on, or in any other way exploiting BMG's Copyrighted Music pursuant to 17 U.S.C. § 502;

d.  Entry of an Order that BMG be awarded, at its election, all damages caused by Defendant Hilton Domestic Operating Corporation, Inc.'s acts forming the basis of this Complaint, including:

   i. actual damages in an amount not readily ascertainable to be proven at trial, and to the extent not duplicative, Defendant's profits attributable to the infringement pursuant to 17 U.S.C. 504(b); or

   ii. in the alternative, for statutory damages under 17 U.S.C. § 504(c), in an amount of up to $150,000 per work, totaling $600,000.00; together with

   iii. BMG's costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505; and

   iv. prejudgment and post judgment interest at the statutory rate; and

3) On BMG's THIRD cause of action for Direct Copyright Infringement against ABC Corporation:

a. Entry of a judgment that Defendant ABC Corporation has infringed the copyrights in and to BMG's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.;

b. Entry of a judgment that such infringement was willful;

c. Entry of a preliminary and permanent injunction that Defendant ABC Corporation and each of its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of Defendant ABC Corporation, or in concert or participation with Defendant ABC Corporation, be preliminarily and permanently enjoined from reproducing , synchronizing, distributing, publicly performing by any means including, but not limited to, digital transmission, or preparing derivative works based on, or in any other way exploiting BMG's Copyrighted Music pursuant to 17 U.S.C. § 502;

d. Entry of an Order that BMG be awarded, at its election, all damages caused by Defendant ABC Corporation's acts forming the basis of this Complaint, including:

    i. actual damages in an amount not readily ascertainable to be proven at trial, and to the extent not duplicative, Defendant's profits attributable to the infringement pursuant to 17 U.S.C. 504(b); or

    ii. in the alternative, for statutory damages under 17 U.S.C. § 504(c), in an amount of up to $150,000 per work, totaling $600,000.00; together with

    iii. BMG's costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505; and

    iv. prejudgment and post judgment interest at the statutory rate; and

4) On BMG's FOURTH cause of action for Vicarious Copyright Infringement against Hilton Worldwide Holdings Inc.:

a. Entry of a judgment that Defendant Hilton Worldwide Holdings Inc., has vicariously infringed the copyrights in and to BMG's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.;*

b. Entry of an Order that BMG be awarded, at its election, all damages caused by Defendant Hilton Worldwide Holdings Inc.'s acts forming the basis of this Complaint, including:

    i. actual damages in an amount not readily ascertainable to be proven at trial, and to the extent not duplicative, Defendant's profits attributable to the infringement pursuant to 17 U.S.C. 504(b); or

    ii. in the alternative, for statutory damages under 17 U.S.C. § 504(c), in an amount of up to $150,000 per work, totaling $600,000.00; together with

    iii. BMG's costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505; and

    iv. prejudgment and post judgment interest at the statutory rate; and

5) On BMG's FIFTH cause of Action for Vicarious Copyright Infringement against Defendant Hilton Domestic Operating Corporation, Inc.:

a. Entry of a judgment that Defendant Hilton Domestic Operating Corporation, Inc., has vicariously infringed the copyrights in and to BMG's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.;*

b. Entry of an Order that BMG be awarded, at its election, all damages caused by Defendant Hilton Domestic Operating Corporation, Inc.'s acts forming the basis of this Complaint, including:

   i. actual damages in an amount not readily ascertainable to be proven at trial, and to the extent not duplicative, Defendant's profits attributable to the infringement pursuant to 17 U.S.C. 504(b); or

   ii. in the alternative, for statutory damages under 17 U.S.C. § 504(c), in an amount of up to $150,000 per work, totaling $600,000.00; together with

   iii. BMG's costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505; and

   iv. prejudgment and post judgment interest at the statutory rate; and

6) On BMG's SIXTH cause of action for Contributory Copyright Infringement against All Defendants:

  a. Entry of a judgment that Defendants, jointly and severally, have contributorily infringed the copyrights in and to BMG's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.;

  b. Entry of an Order that BMG be awarded, at its election, all damages caused by Defendants' acts forming the basis of this Complaint, including:

   i. actual damages in an amount not readily ascertainable to be proven at trial, and to the extent not duplicative, Defendants' profits attributable to the infringement pursuant to 17 U.S.C. 504(b); or

   ii. in the alternative, for statutory damages under 17 U.S.C. § 504(c), in an amount of up to $150,000 per work, totaling $600,000.00; together with

   iii. BMG's costs of this action, including reasonable attorney's fees under 17 U.S.C. § 505; and

   iv. prejudgment and post judgment interest at the statutory rate; and

7) On BMG's SEVENTH cause of action for Unjust Enrichment against All Defendants:

    a.  Entry of a judgment that Defendants were unjustly enriched due to their conduct constituting by using the copyrights in and to BMG's Copyrighted Music and Unregistered Music and an order directing Defendants to make restitution to BMG in an amount not readily ascertainable to be determined at trial, together with interest at the statutory rate thereon; and

8)  All such other and further relief to BMG as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

BMG requests a trial by jury on all issues so triable.

Dated: Lake Success, New York
       June 26, 2019

                                     **ABRAMS FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

                                     By: _/s/ Seth L. Berman_____
                                         Seth L. Berman, Esq.
                                         3 Dakota Drive, Suite 300
                                         Lake Success, New York 11042
                                         (516) 328-2300
                                         sberman@abramslaw.com
                                         *Attorneys for Plaintiff*

TO:    Hilton Worldwide Holdings Inc.
        7930 Jones Branch Drive #1100
        McLean, Virginia 22102

        Hilton Domestic Operating Company, Inc.
        7930 Jones Branch Drive
        McLean, Virginia 22102

        Park Hotels & Resorts Inc.,
        1775 Tysons Blvd., 7th Floor
        Tysons, Virginia 22102

        ABC Corporation